UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Dec 02, 2009

FILED
CLERK'S OFFICE

IN RE: PLASMA-DERIVATIVE PROTEIN
THERAPIES ANTITRUST LITIGATION

MDL No. 2109

**TRANSFER ORDER**

**Before the entire Panel**: The Northern District of Illinois plaintiff has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Illinois. This litigation currently consists of three actions listed on Schedule A and pending in two districts, two actions in the Eastern District of Pennsylvania and one action in the Northern District of Illinois.[1]

All responding parties agree that centralization is appropriate, but disagree on the most appropriate transferee district for this litigation. Defendant Baxter International, Inc. (Baxter) and plaintiffs in four recently filed Northern District of Illinois potential tag-along actions support selection of the Northern District of Illinois. Defendants CSL Behring, LLC, and CSL Ltd. (collectively CSL) and plaintiffs in the two Eastern District of Pennsylvania actions support selection of the Eastern District of Pennsylvania.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact. Centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions allege that Baxter and CSL conspired to fix, raise, maintain or stabilize the prices of plasma-derivative protein therapies in violation of the of federal antitrust statutes. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Although either the Northern District of Illinois or the Eastern District of Pennsylvania is an appropriate transferee district, we select the Northern District of Illinois. Baxter is headquartered in Deerfield, Illinois. Relevant documents and witnesses are thus likely located in or near the Northern District of Illinois. In addition, seven of the ten known actions are already pending there.

---

[1] The parties have notified the Panel that seven related actions are pending: six actions in the Northern District of Illinois and one action in the Eastern District of Pennsylvania. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Joan B. Gottschall for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager |

**IN RE: PLASMA-DERIVATIVE PROTEIN**
**THERAPIES ANTITRUST LITIGATION**                MDL No. 2109

## SCHEDULE A

<u>Northern District of Illinois</u>

Hospital Damas, Inc. v. CSL Ltd., et al., C.A. No. 1:09-5130

<u>Eastern District of Pennsylvania</u>

Pemiscot Memorial Hospital v. CSL Ltd., et al., C.A. No. 2:09-3143
Solaris Health Systems v. Baxter International, Inc., et al., C.A. No. 2:09-3342